FILED

NOT FOR PUBLICATION

DEC 29 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff - Appellee,

v.

ING USA ANNUITY AND LIFE
INSURANCE COMPANY; et al.,

Appellants,

v.

TENANTS IN COMMON COMMITTEE;
et al.,

Intervenors - Appellees,

v.

SUNWEST MANAGEMENT, INC.; et
al.,

Defendants - Appellees,

v.

No. 09-35250

D.C. No. 6:09-cv-06056-HO

MEMORANDUM[*]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CAPMARK FINANCE, INC.; et al.,

Movants - Appellees,

_____

MICHAEL GRASSMUECK

Receiver - Appellee.

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff - Appellee,

PLAINSCAPITAL BANK,

Intervenor - Appellant,

and

ING USA ANNUITY AND LIFE INSURANCE COMPANY; et al.,

Intervenors,

v.

SUNWEST MANAGEMENT, INC.; et al.,

Defendants - Appellees,

_____

No. 09-35859

D.C. No. 6:09-cv-06056-HO

2

MICHAEL GRASSMUECK

Receiver - Appellee.

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted December 2, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS, and N.R. SMITH, Circuit Judges.

A group of secured creditors, not parties in the proceedings below ("Appellants"), appeal 1) the district court's denial of their motion for recusal and 2) the district court's grant of a preliminary injunction barring all legal claims against a number of corporate entities associated with Jon Harder and Sunwest Management. We also have before us three motions dealing with the record in this case: 1) Appellants' motion to strike, 2) Appellants' motion to supplement appellate record, and 3) Appellee Michael Grassmueck's request for judicial notice. Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

I. Appellants' Motion for Recusal

The district court did not abuse its discretion in denying Appellants' motion for recusal. Recusal motions are reviewed for abuse of discretion. *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991) (citation omitted). "An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) (citation omitted). Furthermore, we cannot reverse the district court "unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001).

Recusal is appropriate when a judge has "a personal bias or prejudice" against a party, 28 U.S.C. §144, the judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or the judge has "personal knowledge of disputed evidentiary facts," 28 U.S.C. § 455(b)(1). Appellants only speculate that, because Judge Hogan was also involved as a mediator in a related bankruptcy proceeding, he cannot act impartially in this matter. There is no authority for the proposition that judges must recuse themselves if they served as mediators in a related proceeding.

4

In reaching this result, we assume—without finding—that Appellants had standing to bring this motion below and that this panel has pendant jurisdiction to rule on this motion as part of this interlocutory appeal of the preliminary injunction.

## II.  The Preliminary Injunction

District courts have authority to issue injunctions such as this one.  We have previously upheld the appointment of a receiver in a securities fraud case brought by the SEC.  *See SEC v. Wenke*, 622 F.2d 1363, 1365 (9th Cir. 1980).  We have also upheld the authority of the district court to bar all actions against receivership entities (including actions brought by non-parties).  *See id.* at 1369; *accord SEC v. Hickey*, 322 F.3d 1123, 1131 (9th Cir. 2003).  This authority stems from the district court's broad *in rem* jurisdiction over receivership assets.  *Wencke*, 622 F.2d at 1369, 1370 n.11.  Finally, district courts may stay foreclosure proceedings in an SEC enforcement action, *SEC v. Universal Fin.*, 760 F.2d 1034, 1037–39 (9th Cir. 1985), enjoin bankruptcy proceedings, *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600 (9th Cir. 1978), and sell receivership assets outside of bankruptcy proceedings, *See SEC v. Ross*, 504 F.3d 1130, 1145 (9th Cir. 2007).

However, Rule 52 of the Federal Rules of Civil Procedure requires the district court to "state the findings and conclusions that support its action" when granting or denying a preliminary injunction.

The district court abused its discretion in granting the preliminary injunction, because it entered the preliminary injunction without findings and conclusions that support its action. On its face, the preliminary injunction only states that there is "good cause" to issue the injunction. Further, the record contains no other findings to support the grant of the injunction. Thus, on this record, there is no basis for us to determine that the district court did not abuse its discretion by applying an incorrect legal standard or basing its ruling on clearly erroneous findings of fact. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

We therefore remand to the district court to make adequate findings. However, the injunction will remain in force for sixty days in order to allow the district court to make these findings and enter a new order granting or denying the motion for a preliminary injunction.

III. Pending Motions

Finally, we deny Appellants' motion to strike and grant both Appellants' motion to supplement and Appellee Michael Grassmueck's request for judicial notice.

Each party shall bear its own costs on appeal.

AFFIRMED in part, REVERSED and REMANDED in part.